IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ULYSSES MCGEE § | |
| (TDCJ No. 2128858), § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:17-cv-3332-G-BN |
| § | |
| LORIE DAVIS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ulysses McGee, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 5. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The State filed a response opposing relief. *See* Dkt. No. 13. McGee did not file a reply.

For the reasons explained below, the Court should deny McGee's federal habeas petition.

**Applicable Background**

On a written plea agreement, McGee pleaded guilty to aggravated robbery. *See* Dkt. No. 15-2 at 7-14. The trial court sentenced McGee to ten years of incarceration.

1

*See id.* at 12. McGee did not file a direct appeal. *See* Dkt. No. 5 at 3.

McGee filed a state application for a writ of habeas corpus, contending that his attorney was constitutionally ineffective because he "didn't represent [McGee] as he should," failed to conduct "any kind of investigation," "forced [McGee] into signing and pleading guilty," and "didn't support [McGee]" in court. Dkt. No. 15-2 at 21-22. And McGee alleged he was "convicted of the wrong charge" because he did not possess a weapon during the crime, *id.* at 23, and that his ten-year sentence was excessive. *Id.* at 25.

On November 15, 2017, the CCA denied McGee's writ without written order. *See Ex parte McGee*, WR-87,614-01 (Tex. Crim. App. Nov. 15, 2017); Dkt. No. 15-1.

In his timely-filed federal habeas application, McGee claims the following:

> 1. He received ineffective assistance of counsel because his counsel "didn't represent [McGee] very well, and also [he] was forced into taking a guilty plea, and [counsel] never investigate[d] before putting [McGee] inside the Court Room so quickly and also have a witness but [counsel] never took his time to go talk to her;"
>
> 2. He was "convicted of the wrong offense" because he did not possess "a BB gun;" and
>
> 3. He received "an excessive sentence."

*See* Dkt. No. 5 at 6-7.

## Legal Standards and Analysis

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an

2

>  unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. \_\_\_, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

3

prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was

4

unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301,

5

303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it

6

finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a Section 2254 petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

I.  Effect of a Guilty Plea

McGee pleaded guilty under a plea agreement. *See* Dkt. No. 15-2 at 7-14. A guilty plea generally waives constitutional deprivations occurring prior to the plea. *See Haring v. Prosise*, 462 U.S. 306, 319–20 (1983). And a knowing and voluntary guilty plea waives all nonjurisdictional defects that occurred prior to the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983).

7

A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

McGee alleges that he was "forced into taking a guilty plea" by his counsel. Dkt. 5 at 6.

But a review of the record reveals that McGee's guilty plea was knowing and voluntary. Although transcripts of McGee's plea hearing are not available, the CCA denied his state habeas petition on the merits. And "the precise question ... is whether the [state] court's ultimate conclusion ... is objectively unreasonable." *Pondexter*, 346 F.3d at 148-49 (quoting *Neal v. Puckett*, 286 F.3d 230, 246); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.").

The record demonstrates that McGee signed a "Judicial Confession[]" and other guilty plea papers that included the "Court's Admonishments to Defendant" and "Defendant's Statements and Waivers." Dkt. No. 15-2 at 8-11. In these documents, McGee acknowledged his rights, stated that he is mentally competent, and understood the nature of the accusation against him. *See id.* at 8. He additionally acknowledged he was informed of the applicable range of punishment, and affirmed:

> I admit and judicially confess that I committed the offense of [aggravated robbery] ... exactly as alleged in the charging instrument. I affirm that

8

> my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole. . . .
>
> [defense counsel] has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

*Id.* at 9-10. "Official documents – such as a written plea agreement – are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. McDaniel*, 907 F.3d 366, 371 (5th Cir. 2018) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).

And, in McGee's state application for a writ of habeas corpus, McGee alleged that he "was forced into signing and pleading guilty." Dkt. No. 15-2 at 21. In denying McGee's state habeas writ, the CCA implicitly found that McGee's plea was knowing and voluntary. *See Valdez*, 274 F.3d at 948 n.11. And McGee fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, l224-25 (5th Cir. 1997).

As such, McGee fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98. Accordingly, McGee's knowing and voluntary

9

guilty plea waives all of his pre-plea claims except those that relate to the entry of his guilty plea. *See Tollett*, 411 U.S. at 267; *Smith*, 711 F.2d at 682.

McGee also alleges that he received ineffective assistance of counsel because his counsel "never investigate[d] before putting [McGee] inside the Court Room so quickly," and because his counsel failed to investigate/interview a possible defense witness. *See* Dkt. No. 5 at 6. Because McGee's guilty plea was knowing and voluntary, these IAC claims are waived. *See Tollett*, 411 U.S. at 267; *Smith*, 711 F.2d at 682. And, for the same reasons, McGee's argument that there was insufficient evidence for his conviction (Claim 2) is waived. *See United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) (stating "a voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant.").

II. <u>Excessive Sentence</u>

McGee alleges that his sentence is excessive. The entirety of McGee's argument is that "this is an excessive sentence [be]cause [McGee] believed that its too much and its not compared and fairly done the right way as of my charges." Dkt. 5 at 7. McGee provides no further argument or support for this claim. *See id.*

McGee's general allegation does not qualify him for relief. This singular statement is insufficient. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ... [and] mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th

10

Cir. 1983)). McGee's conclusory claim is unavailing. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"); *see also United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief).

Furthermore, McGee raised an excessive-sentence allegation in his state habeas application, *see* Dkt. No. 15-2 at 25, which the CCA denied, *see* Dkt. No. 15-1. And McGee fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at l224-25.

As such, McGee fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

### Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

11

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE